UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STARSHA SEWELL                          :
                                        :
           Plaintiff.                   :
                                        :
     v.                                 :    Case No.:
                                        :
WASHINGTON METROPOLITAN                 :
   AREA TRANSIT AUTHORITY               :
(WMATA)                                 :
                                        :
           Defendant.                   :
                                        :

INSPECTED BY
COURT SECURITY OFFICE
MAY 08 2015
GREENBELT, MD
TDC 15 CV 1334

**PLAINTIFF'S CONSOLIDATED COMPLAINTS OF EMPLOYMENT DISCRIMINATION**

**PROCEDURAL BACKGROUND**

COMES NOW, Starsha Sewell, Pro Se Plaintiff with a consolidated complaint of employment discrimination against the Defendant. The Honorable Theodore Chuang, granted the Plaintiff's request for Voluntary Dismissal without Prejudice, which permits the Plaintiff to re-file her complaint up to one year; that matter was terminated on July of 2014; which permits the Plaintiff to bring this action up again with the same court by July of 2015. Title VII 706 (a), 42 U.S.C 200e-6 (a) (1970) The 1972 amendments to the Title VII established a new General Counsel's Office to handle its new enforcement authority and litigation responsibility and the General Counsel was given the authority for the pattern and practice" suits previously vested in the Attorney General. Title VII 707 (c), 42 U.S.C 2000e-6 (c) (Supp. IV, 1974), amending Title VII 707, 42 U.S.C 2000 e-6 (1970). However, through the collection of discovery and upon exhausting the Administrative Remedy the Plaintiff has observed the discriminative and requested investigations of the discriminative "Patterns and Practices of the Equal Opportunity Commission" as they are not investigating complaints of employment discrimination and are obstructing Justice with their unlawful issuance of "Right to Sue" Correspondences that has the same effect of extrinsic fraud on the courts, because the findings of the Commissions' failure to perform its administrative duties; due to the EEOC Inspector General's unwillingness to hold staff accountable for Fraud, Waste, and Abuse of Resources and for title VI discrimination of Minorities complaints whose are subjected to the discriminative patterns and practices of this Agency under the leadership of the current Acting Director Ms. Mindy Weinstein. See (**Exhibit 1- Complaints of Fraud Waste and Abuse to EEOC-OIG**) Due to EEOC's Title VI violations towards the plaintiff because of her race the and the agencies pattern and practice of obstructing justice in Charges: 846-2008-15424N, 10D-2009-00493, and 570-2012-02268. The Complainant filed her complaint of discrimination with the US Department of Labor Office of Contract Compliance Programs on December 19, 2013

(Exhibit 1a). George Rouse, II the District Director of the Richmond District Office transferred my case to EECO with the sole intent of being malice, as I requested to have my case investigated by the Office of Federal Contract Compliance Programs (OFCCP) pursuant to policy established in the Memorandum of Understanding that the OFCCP has with EEOC, specifically 7 ( C) "OFCCO will refer to EEOC allegations of discrimination pf an individual nature on a Title VII basis in dual filed complaints/charges. HOWEVER, in appropriate cases, OFCCP may request that it retain **such allegations to avoid duplication and to ensure effective law enforcement**".

Heidi Lacy, Assistant Director discriminated in an initial complaint that was filed with Investigator Bruice Harris of the OFFCP, Ms. Lacy utilized the prestige of her position to obstruct justice upon dismissing the complainants case with OFCCP Charge Number (I001855856) in violation of Title VI. It is the Plaintiff's good faith belief that Ms. Lacy utilized the prestige of her position to obstruct justice for EEOC; because she would not reconsider her decision. Therefore, the Plaintiff was required to re-file a new complaint that was assigned to Sarah Barnes; and Ms. Lacy was involved in that process as well; and aided in George Rouse, II decision to transfer my case to EEOC and doing so obstructed justice and law enforcement against WMATA. On February 26, 2014, George Rouse, II forwarded the Plaintiff's complaint to Mindy Weinstein, Acting Director of the Washington Field office and **Exhibit 1b p.1 &2** provides direct evidence that Reuben Daniels, Director of EEOC forwarded my complaint to EEOC on February 26, 2014. On October 30, 2014. **Exhibit 1c** Captures Ruben Daniels and Thomas Colclough, utilizing the prestige of their positions to conceal the discrimination of James Wynn. Civil Rights Director at WMATA. Because the Director Rueben Daniels had a vested interest in protecting EEOC's Acting Director, Heidi Lacy of DOL, discriminative patterns and practices upon handling the Plainitff's charges filed with EEOC, ever since the matter involving Strayer University these individuals yet again issued another right to sue letter without performing an investigation. Ironically in the Charge No: **570-2014-00828**, the Plaintiff was not provided with an opportunity to rebuttal the Defendant James Wynn's Position statement to EEOC. However, the Plaintiff was able to acquire the necessary documents through the Freedom of information Act (they are marked herein as **Exhibit 1C**)

**Exhibit 1C p.1 and p.1a**, provides direct evidence that the closed his investigation based solely on the Defendant's position statement. Following, the receipt of the Defendants position statement the Director issued a "Right to Sue" Letter, and did not mail it to the Defendant. The Defendant challenged the actions of EEOC, and the Reuben Daniels rescinded his "extrinsic fraud" Right to Sue see. (Exhibit 1c, p.7)

Exhibit 1c, p.8, provides direct evidence of James Wynne discrimination against the Plaintiff on the basis of her sex and retaliation, because she engaged in protected activity, and challenged the ongoing discrimination of WMATA in their hiring practices which resulted Disparate Treatment of the Plaintiff, because she engaged in protected activity at WMATA, and he was a subject of the complaint as he discriminated against the plaintiff on the basis of her sex because she was an internal employee deemed qualified and not interviewed for the position because it is the discriminative hiring practice to exclude internal employees classified in labor position from consideration of professional positions that they qualify for academically and professionally. This pattern and practice is demonstrated towards women of diverse races, and they are being subjected to the denial of promotional and hiring opportunities in violation of Title VII of the Civil Rights

Act of 1964, as amended. Exhibit 1c, P.8 & 9, James Wynn provided direct evidence of WMATA's discriminative application review process. He indicated that one Manager named Mr. Rod Dones, Manager of Talent Acquisitions was tasked with the responsibility of assessing 732 resume's, against the requirements for the Director, Customer Care position at WMATA; rather than focusing on how many were interviewed for the position. James Wynn again sought to devalue the qualification of the Plaintiff, because she engaged in protected activity; and he was the subject of her complaint of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended [sic] " However, exhibit 1c, p.10-12 contradicts his discriminative and retaliatory opinion about the Plaintiff's qualifications. While the Plaintiff, served as a Bus Operator at WMATA; prior to doing so her positions were 100% Customer Service focused. The Plaintiff was a Research Assistant for a Federal Contractor, Quality Assurance (Customer Care Specialist at a University) a Dean of Students, a Professor, and a Consultant. If Mr. Wynn would have conducted a Civil Rights investigation at WMATA, the discovery process would have educated him about the Plaintiff, but because He denied it as an act of retaliatory discrimination on the basis of her sex and engagement in informal protected activity. His statements and efforts to devalue the Plaintiff provides direct evidence of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

It is the Plaintiff's contention that staff at EEOC failure to perform its litigation responsibility and to exercise its enforcement authority to cure discrimination in the workplace is systematically burden shifting its responsibilities on the Courts and complainants with the intent to protect Employers. Furthermore, the Right to Sue letters are products of "extrinsic" fraud, because its defiles the courts because EEOC staff are not investigating matters at all, but are issuing right to sue letters and this litigation. With this the Plaintiff shows this honorable court the following:

## CONSOLIDATED COMPLAINT

1. Plaintiff is a resident of Capitol Heights, MD
2. Defendant resides or does business at the following location: 5801 Sunny Side Avenue, College Park, MD 20740
3. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. for employment discrimination on the basis of sex and retaliation.
4. Failure to Promote me. I was refused a promotion on the following date: April 4, 2012
5. Application Discrimination on the basis of sex, and retaliation.
6. Retaliation for engaging in formal and informal protected activity
7. The Conduct of the Defendant's was discriminatory because it was based on the

Plaintiff's Sex.

## FACTS TO CLAIM FOR EEOC CHARGE NO: 570-2012-02268

Discrimination, Retaliation, Disparate Impact, and Denial of Promotional Opportunities in violation of Title VII of the Civil Rights Act of 1964, as amended.

I was employed with WMATA from February 8, 2010 to September of 2012. On April 4, 2012, I *applied* for a professional position entitled "Sr. Training Organizational Development Consultant, and on the following day was removed from consideration by Tiquisha Harris, (African American Female). On July 6, 2012, I walked into the "Washington Metropolitan Area Transit Authority Office of Civil Rights, Equal Opportunity Branch and filed a formal complaint of employment discrimination. My case was assigned to Devin Walker, Senior EEO & Dispute Resolution Officer, Office of Civil Rights (CIVR), whom I believe is an African American Male. See (**Exhibit 2**)

On July 6, 2012, Mr. Walker invited the Plaintiff to engage in an voluntary informal meeting with HR. On July 11, 2012, Tracy Scott provided a generic response regarding the Plaintiff's concerns that did not address the actions of Tiquisha Harris. Therefore, On July 23, 2012, the Plaintiff left a voicemail for Mr. Walker requesting to move forward with her formal complaint. Prior to engaging in protected activity on July 6, 2012 the Plaintiff had returned to work from a medical leave, and had passed a 90 day criminal investigation background without issue. On July 31, 2012 the Plaintiff declined continuation in the voluntary HR dispute resolution process upon receiving an e-mail from Tracy Scott (**Exhibit 3**); and requested to move forward with the filing of her formal complaint of Discrimination at WMATA.

On July 29, 2012; Amy Quillen, retaliated against the Plaintiff by conducting an unauthorized criminal background check On the Plaintiff in violation of WMATA Policy 7.2.3 Background Screening Policy, because Sewell engaged in protected activity on July 6, 2012. Ms. Quillen cannot argue reasonable suspicion, because the Plaintiff had already passed the screening, therefore her actions were retaliatory. There is a causal connection in the proximity of Sewell engaging in protected activity and the time in which the retaliatory background investigation occurred. Amy Quillen conducted the unauthorized background investigation but for to be malice and harmful to the reputation of the Plaintiff, because she engaged in protected activity and challenged the discriminative hiring and interviewing practices of WMATA.

It is the Plaintiff's good faith belief that Amy Quillen discriminated against the Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended; because Sewell engaged in informal protected activity and sought to formalize the discrimination charge internally at WMATA. On August 9, 2012 James Wynne discriminated against the Plaintiff on the basis of her sex, upon denying the Plaintiff's request for the filing of a formal charge. He denied the plaintiff's request in efforts to conceal the discriminative hiring practices of WMATA, who does not have a system in place to ensure that discrimination is not occurring in the application process. See (**Exhibit 4**)

All who partook in discriminatory and unauthorized background investigations on the Plaintiff with the sole intent of terminating the Plaintiff for the alleged failure to disclose matters involving a State Litigation in Maryland that did not require the Plaintiff's appearance. WMATA's HR Staff attempted to frame the Plaintiff for violating company policy for failure to disclose court matter, however, the information that WMATA relied on was frivolous, and the Plaintiff was not required to appear in court on the same basis. The Plaintiff filed a complaint of retaliation against Amy Quillen, et al. for subjecting the Plaintiff to adverse action of **RETALIATION** following her engagement in informal protected activity. (**Count I**) in violation of Title VII of the Civil Rights Act of 1964, as amended.

On August 7, 2012, Devin Walker discriminated against the Plaintiff upon denying her request for an information hearing in collaboration with James Wynne. It the Plaintiff's contention that Mr. Walker and Mr. Wynne denied the Formal Investigation on the basis of the Plaintiff's sex. (**Count II**) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(**Count III**)- Devin Walker and James Wynn, declined to investigate the denial of promotion and the Plaintiffs complaint of retaliation for engaging in protected activity and also partook in the employment discrimination upon affirming the actions of Amy Quillen, Tracy Scott, and Tiquisha Harris, who denied the Plaintiff of fair consideration of Promotion and subsequent employment opportunities with the same due to WMATA's discriminative hiring practices in violation of Title VII of the Civil Rights Act of 1964, as amended; on the basis of unlawful retaliation because the Plaintiff engaged in protected activity.

At the time, that Sewell applied for the Senior Training & Organizational Development Consultant II, BO-13 position (**Exhibit 5**), she was an internal employee at WMATA, and was not given an opportunity to act in the position; but the individual selected for the position was permitted to sample the position in an Acting capacity; and therefore, was treated preferential in violation of WMATA's policy, which requires individuals who act in positions to compete for the position with both internal and external candidates. While, the Plaintiff was hired by WMATA as a Bus Operator; her Professional expertise is in Organizational Development, Training and Consulting. Sewell served as a Dean, Professor of Business Administration, and completed 90 percent of her Doctoral Degree with a 3.91 Grade Point Average, and only have five (minor) classes left, and the Dissertation to write. The Plaintiff was more than qualified for the Senior Training & Organizational Development Consultant II, BO-13 position in fact the HR Manager and the Chief Human Resources Officer Tawnya Moore-McGee acknowledge this in her correspondence dated Septemner 12, 2012. Despite this, she also discriminated upon ignoring my complaints of Discrimination, Retaliation, Disparate Impact, and Denial of Promotional Opportunities and concealed the discrimination of the HR Staff from the General Manager Richard Sarles. There is a causal connection in the proximity of Sewell engaging in protected activity and the time in which the Chief Human Resources Officer Tawnya Moore-McGee engaged in retaliatory discrimination upon affirming the unlawful discrimination of James Wynne, Devin Walker, Tracy Scott, Tiquisha Harris, Amy Quillen, (**Count IV**) See (**Exhibit 6**). **Exhibit 7**, provides direct evidence of the retaliatory background investigation and that was conducted by Amy Quillen.

## FACTS TO CLAIM FOR EEOC CHARGE NO: 570-2014-00828

Discrimination, Retaliation, Disparate Treatment, and Failure to Hire in violation of Title VII of the Civil Rights Act of 1964, as amended

On October 25, 2013, the Plaintiff applied for re-employment with WMATA to fill a vacancy for the position of Director, Customer Care. I was qualified to fill this position. Shortly, thereafter, on October 28, 2012, in retaliation for my previous charge at the EEOC, and due to my sex, I was unjustly denied consideration for and selection to fill this vacant Director, Customer Care position. It is my good faith belief that Rod Dones, Manager, Talent Acquisiton and James Wynn discriminated against the Plaintiff because she engaged in protected activity, and WMATA's Human Resources Department and James Wynn were the subject of sex discrimination and retaliation complaints in violation of Title VII of the Civil Rights Act of 1964, as amended (Count V) I believe that I was discriminated against based upon my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. Moreover, I believe that I was retaliated against for having previously filed a charge of discrimination (#570-2012-02268) against the Defendant at the EEOC under Title VII. Furthermore, WMATA's Health Plan permitted fraud and the use of my identity with the sole intention to frame the Plaintiff for Insurance Fraud. (**See Exhibit 7**)

Judge John Paul Davey of the Prince Georges County Circuit Court conspired with WMATA and State of Maryland Trustee's Gerald Mile's Jr./ Fidelity National Financial, who is a prominent client of a law firm that Judge Davey served as Managing Director at for an extensive period of time. Judge Davey served on the Board of Director's at WMATA for 12 years plus, and also serves as a State. Judge Davey, utilized the prestige of his position to advance the interest of Gerald Miles, Jr. et. al, trustees of the MD Community Development Administration, who stole my property. He violated the legal rights of my biological children who were victimized in the state of Maryland by t+John Howard Sr, the individual who John Paul Davey awarded sole legal and physical custody to without having legal jurisdiction in violation of 42 USC 1983, and on the basis of the Plaintiff's race. There is a causal connection between the actions that Judge Paul Davey took against the Plaintiff's minor children, and the retaliatory and Discriminative Background investigation that Amy Quillen launched as an act of retaliation in her efforts to have the plaintiff terminated.

Officers in the State of Maryland, played an instrumental role in the defamation of my character on the job and have obstructed the plaintiff's ability to acquire promotion and employment opportunities nationwide, specifically Sears Roebuck; where the Plaintiff advanced to face to face interview, but was illegally arrested by the PG County Police days later in violation of the Honorale J. Zarnochs order, because the State officials conspired against the Plaintiff and her minor children in efforts to advance the interest of the MD Mortgage Task force, which also consists of the same entities responsible for protecting crime victims in the State of Maryland.

However, the MD Mortgage Task force failed to protect the rights of the Plaintiff's Minor Children and her propert, because they benefited from the actions of the MD CDA trustees as they were able to enjoy the stolen robo-signed properties for half price, because they are Law enforment officers, police, emergency medical technicians and educators. HUD Good Neighbor

Next Door Program. The collective issues in the area of Housing, Employment and Family are the outcome of a program that was designed to reward good neighbors. However, produces direct evidence of the bad actions of those Neighbors in conspiracy with State Judges, such as John Paul Davey See (**Exhibits 6b and 6c**) Also See **Exhibit 9**.

1. The approximate number of people employed by the Defendant is: **5,000 to 10, 000**.

2. The events I am complaining about took place on the following dates or time period: **From April 2012, until the Present**

3. I filed charges on the following dates: August 28, 2012 with the Equal Employment Opportunity Commission and on March 10, 2014, I filed charges with the U.S. Department of Labor Office of Federal Contract Compliance Programs, OFCCP, and on April 8, 2014, the OFCCP filed my charge with the Equal Employment Opportunity Commission. I also engaged in informal protected activity on July 6, 2012 with the Washington Metropolitan Area Transit Authority Office of Civil Rights Equal Employment Opportunity Branch (Exhibit 2)

4. I received a right to sue letter on July 16, 2013 (which was voluntarily dismissed without prejudice, by the Honorable Theodore Chuang), and on February 20, 2015. This action will consolidate both matters.

Wherefore, the Plaintiff asks the Court to grant such relief as may be appropriate, including but not limited to:

1. Custody and Immediate Return of her Minor Children from the illegal actions of WMATA's Former Board of Director, who discriminated against the plaintiff of the Plaintiff's minor children; and utilized the prestige of his judicial position to advance the interest of WMATA as an act of Retalation in violation of 42 USC 1983, and Title VII of the Civil Rights Act of 1964, as amended.

2. Monetary Damages in the amount of: $ 650,000

Respectfully submitted,

/s/ Starsha Sewell
Starsha Sewell (pro se)
P.O. Box 7073
Capitol Heights, MD 20791

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S CONSOLIDATED COMPLAINTS OF EMPLOYMENT DISCRIMINATION** was sent by first-class mail this 9 th day of May, 2015 to:

> Gerard J. Stief
> Chief Counsel—Appeals & Special Litigation
> 600 Fifth Street, N.W.
> Washington, D.C. 20001
> (202) 962-1463   /s/ StarshaSewell